Laudia Le Clair
vs.
Blackstone Valley Gas
&
Electric Company
} No. 78824.

April 9, 1931.

CHURCHILL, J. Heard on motion for a new trial after a verdict for the plaintiff for $2250.

The plaintiff, a married women 32 years of age, was injured as a result of a collision between a Franklin sedan, in which she was riding, and a Graham truck belonging to the defendant and which was being operated by one of its employees.

The plaintiff was an invited guest in the car in which she was riding. The accident happened in the Town of Lincoln, on the Louisquisset Pike on No-

vember 8, 1928, about 2:30 p. m. Both cars were going towards Woonsocket on the right hand side of the Pike, the Graham truck ahead and the Franklin sedan following.

The sedan struck the rear of the truck on its right hand side and then turned over.

The claim of the plaintiff is that, as the sedan attempted to pass, the truck, without any warning, was suddenly turned to its left directly in the path of the oncoming sedan, thereby blocking the way, and that the driver of the sedan in this predicament turned to his right in an effort to avoid a collision but ran into the rear of the truck.

There is little doubt as to the speed of the two cars involved ·just before the accident or as to their relative position on the highway. The truck was being driven slowly on the right hand side of the Pike with the right wheels off the macadam and on the shoulder of the road. The driver was inspecting the electric lines on that side of the Pike in an endeavor to locate a possible break. The sedan was coming up from behind at a rate—estimated by all the witnesses—of 35 miles an hour. According to one witness, it slowed down upon approaching the truck to a speed of about 20 miles an hour.

It is at this point in the case that the conflict in the testimony appears. The plaintiff testified that the driver of the sedan blew his horn and started to go by the truck on the left hand side; that at that moment the driver of the truck turned the truck suddenly to the left so that it was in the path of the sedan, and that the driver of the truck gave no signal of any kind of his intention so to turn.

This testimony was corrobated by the testimony of Joseph H. O'Neil, an apparently disinterested witness, who was driving towards Providence in an automobile. He saw the truck approaching him some 250 yards away

and saw the sedan coming up behind the truck. He testified that the driver of the truck was "gazing up;" that the Franklin sedan attempted to pass, and as it started to pass the truck "the truck shot out into the middle of the road" and that there was no room for the sedan to pass, and that its driver then swung back towards the right side of the Pike again. He did not see the actual impact of the collision. This witness described the turn of the truck to the left as a sharp turn and stated that he saw no signal given by the driver of the truck before he turned.

Joseph Kay, who was driving an automobile behind the automobile being driven by O'Neil, and who was driving in the same direction, heard the crash and saw the truck across the road with the left wheels near the center of the road.

The driver of the Franklin sedan did not testify.

The defendant's driver, Schofield, testified that he was driving on the right hand side of the Pike; that he was looking up into the line of wires to ascertain where possible trouble was; that he had a mirror on the car but did not look into it to observe whether or not anyone was approaching behind him; that he did not know of the approach of the Franklin sedan and denied that he turned his truck to the left or substantially changed its course; and that the course of the truck remained unchanged for at least half a mile.

The defendant strongly contends that the undisputed facts show that the left wheels of the truck never passed the center line of the road and that, therefore, the driver of the sedan had ample room to pass, and further urges that the facts demonstrate that when the driver of the sedan saw the car approaching which was being driven by O'Neil and was then about 75 yards away, fearing a collision he turned back to his right with the result that he ran into the rear of the truck and that such negligent act of the driver of the sedan was the proximate cause of the accident.

This argument fails to take into consideration the force of O'Neil's testimony to the effect that the truck turned suddenly into the path of the sedan without any signal and that when the truck so changed its course, the driver of the sedan then strove to get onto the right hand side again.

Under all of the facts the jury were warranted in finding that the defendant's truck was driven suddenly across the path of the sedan which was attempting to pass to the left of the truck; that the driver of the truck did not give any warning of his intended action and took no precaution to see what was in the rear before changing his course suddenly, and they were further warranted in finding on the conflicting testimony that under all the circumstances of the case the driver of the truck was guilty of negligence which was a concurring cause in bringing about the accident and the injuries of the plaintiff.

See *Riccio* vs. *Ginsberg*, 49 R. I. 32.

The verdict for the plaintiff in respect to liability is supported by a fair preponderance of the evidence.

The plaintiff received cuts on her face, a cut over her eye, a cut on the back of the left hand requiring two stitches, and a cut on the right leg requiring three stitches, her left cheek was bruised and both knees were cut and the left knee became somewhat infected; she received bruises on various other portions of her body and she was badly strained in the sacroiliac region. She was confined to her bed for three weeks and was attended daily by a physician for about ten days and then two or three times a week for three months. Her condition at the time of the trial was improved. There was no substantial testimony of any permanent injuries of any character, although at the time of the trial, which

was in January, 1931, the plaintiff still complained of feeling nervous and having backache.

The damages awarded by the jury are excessive and in this respect the verdict fails to do substantial justice between the parties. Unless within five days plaintiff remits all of the verdict in excess of $1500, a new trial is granted on the question of damages only, otherwise denied.

For plaintiff: John R. Higgins.

For defendant: Sherwood, Heltzen & Clifford.